IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| ERIC WALKER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY AND AMETROS FINANCIAL CORPORATION.<br><br>　　　　Defendants. | COMPLAINT<br>(DECLARATORY JUDGMENT REQUESTED, N.C.G.S. 1-253 et. seq.) |

**NOW COMES,** Plaintiff, complaining of Defendants, and alleges as follows:

1. Plaintiff, Eric Walker ("Walker"), is a citizen of Jefferson, Ashe County, North Carolina.

2. Defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), is a Massachusetts corporation organized and existing under the laws of the State of Massachusetts.

3. Defendant Liberty Mutual's principal place of business is in the State of Massachusetts.

4. Defendant, Ametros Financial Corporation ("Ametros"), is a Massachusetts corporation organized and existing under the laws of the State of Massachusetts.

5. Ametros' principal place of business is in the State of Massachusetts.

6. The District Court may exercise jurisdiction over this lawsuit because the amount in controversy exceeds $75,000.00 and the parties are citizens of different states. 28 U.S.C. § 1332.

7. This is a complaint requesting relief under the Declaratory Judgment Act in North Carolina, N.C.G.S. – Chapter 1, Article 26. § 1-253 et seq., as it involves the contractual rights and responsibilities between the parties, Walker and Liberty

Mutual, of a Workers' Compensation Compromise Settlement Agreement dated February 19, 2024 (the Settlement Agreement), which was approved by the North Carolina Industrial Commission on June 25, 2024, and an ancillary agreement between Walker and Ametros for the administration of his Medicare Set Aside Account, which is required by Medicare, a Federal agency. The dispute arises from the parties' disagreement on the existence of a reversionary interest to Liberty Mutual of funds held by Ametros on behalf of Walker. The alleged existence of such interest affects Walker's rights to terminate Ametros.

8. The acts giving rise to this complaint occurred in North Carolina as the Settlement Agreement and ancillary agreements were executed in North Carolina.

9. Venue is proper in the Asheville Division of the Western District of North Carolina. 28 U.S.C. § 1391(b)(3). Defendant Liberty Mutual does business in the Western District and may be found in this District.

## Factual Background

10. On or about February 19, 2024, Walker entered into the Settlement Agreement with Liberty Mutual as shown by the attached Exhibit A.

11. In connection with the Settlement Agreement, certain ancillary agreements were signed including a CareGuard Membership Agreement between Walker and Ametros attached as Exhibit B.

12. Liberty Mutual agreed to fund a workers' compensation Medicare Set Aside Account as an integral part of the Settlement Agreement, held for Walker's benefit.

13. Walker and Liberty Mutual agreed the Medicare Set Aside would be funded through an annuity with MetLife Corporation and the account would be administered by a custodian, Ametros, also known as CareGuard.

14. On February 19, 2024, Liberty and Walker executed a Mediated Settlement Agreement, attached to the Complaint as Exhibit C. At that time, there was no discussion and no negotiated term for a provision allowing Liberty Mutual a reversionary interest in any amounts placed with Ametros and therefore no provision for such reversionary interest was included in the Mediated Settlement Agreement.

15. The Settlement Agreement does not contain any reference to or inclusion of a "Professional Administration Reversionary Interest Addendum for an approved Workers' Compensation Medical Set-Aside Account." Such a reversionary interest addendum is required with respect to a Workers' Compensation Settlement Agreement involving a professional administration of a CMS approved Workers'

Compensation Medical Set-Aside Account before a reversionary interest is granted in any funds held by an administrator.

16. Walker requested Ametros to withdraw as the administrator of his account under the CareGuard Agreement and he has given notice to Ametros of his termination of Ametros for administration.

17. Ametros has refused to honor Walker's notice of termination and has taken the position that it cannot resign and allow termination of the CareGuard Agreement because there is an alleged reversionary interest in the funds held for the benefit of Liberty Mutual in the event of Walker's death.

18. Walker demanded that Liberty Mutual confirm there is no reversionary interest in the funds held by Ametros, but Liberty Mutual has refused to acknowledge this fact, which has resulted in Walker's inability to terminate Ametros and replace Ametros with another administrator.

19. If Liberty Mutual contends there is a reversionary interest, there was a mutual mistake of fact of the parties, as Walker did not intend for there to be any reversionary interest, and Defendants did not reasonably expect for there to be a reversionary interest at the time of settlement. The Settlement Agreement references Exhibit D, the CareGuard Agreement, which does not provide in any of its terms for a reversionary interest to Liberty Mutual.

20. There is in fact no agreement between the parties for a reversionary interest to Liberty Mutual upon the death of Mr. Walker. Therefore, Walker is entitled under the CareGuard Agreement to terminate Ametros.

## Declaratory Judgment

21. Plaintiff realleges and incorporates paragraphs 1-20 as if fully set forth herein in support of this claim.

22. Plaintiff is entitled to a judgment declaring there is no reversionary interest to Liberty Mutual that takes effect upon his death in the contract of the parties.

23. An actual and justiciable controversy exists between the parties as to the meaning of the parties' contracts, here a Settlement Agreement in a workers' compensation claim, and the ancillary CareGuard Agreement with respect to the existence of a reversionary interest to Liberty Mutual, and Plaintiff requests a declaratory judgment from this Court that there is no such reversionary interest.

WHEREFORE, Plaintiff prays that:

1. The court specifically determine there is no reversionary interest to Liberty Mutual upon the death of Plaintiff in the contract of the parties, and that Plaintiff is entitled to terminate the services of Ametros Financial Corporation and replace them with another administrator of his choice.

2. The costs of this action be taxed to Defendants;

3. He have such other and further relief as to the Court may deem just and proper.

This the 29th day of May, 2025.

s/Brett Dressler (N.C. Bar #34516)<br>
Sellers, Ayers, Dortch and Lyons, P.A.<br>
410 Cameron-Brown Building<br>
301 South McDowell Street<br>
Charlotte, NC 28204-2686<br>
(704) 377-5050<br>
(704) 339-0172 Facsimile<br>
Email: bdressler@sellersayers.com